**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THERESA STUMPF, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PYOD, LLC, and WELTMAN, WEINBERG & REIS CO., LPA, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1. Plaintiff Theresa Stumpf brings this action to secure redress from unlawful credit and collection practices engaged in by defendants PYOD, LLC ("PYOD") and Weltman, Weinberg & Reis Co., LPA ("Weltman"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Specifically, plaintiff alleges that PYOD and Weltman systematically engaged in collecting time-barred debts.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

     a.     Defendants' collection communications and activities impacted plaintiff within this District;

     b.     Each defendant does business or is located within this District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Defendant PYOD is a limited liability company organized under Delaware law with offices at 625 Pilot Road, Suite 2, Las Vegas, NV 89119. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8. PYOD is engaged in the business of purchasing or claiming to purchase charged-off consumer debts, including auto retail installment contract and lease debts, and enforcing those debts against consumers.

9. PYOD pays an average of less than ten cents on the dollar for the debts it purchases.

10. PYOD regularly uses the mails and telephones to collect debts.

11. PYOD is the plaintiff in more than 100 lawsuits seeking to collect consumer debts.

12. Because the purported obligations were originally owed to other entities and were charged off prior to purchase, PYOD is a "debt collector" as defined in the FDCPA.

13. Defendant Weltman is a law firm with offices at 180 N. LaSalle Street, Suite 2400, Chicago, IL 60601.

14. Weltman's practice consists primarily of the collection of debts owed to others and incurred for personal, family, or household purposes.

15. Weltman is a "debt collector" as defined in the FDCPA.

16. Weltman files thousands of collection lawsuits against consumers each year, and sends tens of thousands of collection letters each year.

**FACTS**

17. On or about March 6, 2012, PYOD, represented by Weltman, filed suit against plaintiff Theresa Stumpf in the Circuit Court of Cook County to collect a purported auto retail installment contract or lease debt incurred for personal, family, or household purposes, case number 2012-M1-113101.

18. Plaintiff was required to go the courthouse, pay an appearance fee, and retain counsel to defend the lawsuit.

19. Ms. Stumpf filed a motion asserting the statute of limitations on May 15, 2012, noticing up the Motion for May 29, 2012.

20. On May 18, 2012, Daniel May of Weltman left Plaintiff's counsel a voicemail message stating PYOD would not contest Stumpf's Motion to Dismiss.

21. On May 29, 2012, the case was dismissed with prejudice by an Agreed Order.

22. The debt went into default more than 4 years prior to the filing of suit.

23. The statute of limitations applicable to the collection of auto retail installment contracts and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code.

24. Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

25. Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ." The Illinois citation is 810 ILCS 5/2A-506.

*26.* Most states have enacted the standard Uniform Commercial Code statute of limitations and have held that it applies to an action to recover the money owed under a contract for the sale of goods. *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal. App. 3d 1024, 133

Cal. Rptr. 497 (1976); *Jack Heskett Lincoln-Mercury v. Metcalf,* 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); *Worrel v. Farmers Bank of Delaware*, 430 A.2d 469 (Del. 1981); *First Hawaiian Bank v. Powers*, 93 Haw. (App.) 174, 998 P.2d 55, 67 (2000); *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law); *Barnes v. Community Trust Bank,* 121 S.W.3d 520 (Ky. App. 2003); *Scott v. Ford Motor Credit Co.*, 345 Md. 251, 691 A.2d 1320 (1997); *First of Am. Bank v. Thompson*, 217 Mich. App. 581; 552 N.W.2d 516 (1996); *D.A.N. J.V. III v. Clark*, 218 S.W.2d 455 (Mo.App. 2006); *Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851 (1983); *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A.2d 858 (1966); *Ford Motor Credit Co. v. Arce*, 348 N.J.Super 198 (App. Div. 2002); *First National Bank v. Chase*, 118 N.M. 783, 887 P.2d 1250 (1994); *Matter of Village of Scarsdale v New York City Water Bd.*, 33 A.D.3d 1011, 824 N.Y.S.2d 325 (2nd Dept. 2006); *Wuhu Import & Export Corp. v. Capstone Capital, LLC*, 39 A.D.3d 314; 834 N.Y.S.2d 129 (1st Dept. 2007); *Herba v. Chichester*, 301 A.D.2d 822, 823, 754 N.Y.S.2d 695 (3rd Dept. 2003); *Alice A. Baker, Inc. v. Norton*, 192 Misc. 2d 511; 747 N.Y.S.2d 146 (Sup.Ct. Rensselaer Co. 2002); *Bluefin Wear, Inc. v Tuesday's Child Boutique, Inc.,* 13766/10, 33 Misc. 3d 1233A; 2011 N.Y. Misc. LEXIS 5817; 2011 NY Slip Op 52231U (Sup.Ct. Kings Co. Dec. 14, 2011); *May Co. v. Trusnik*, 54 Ohio App.2d 71, 375 N.E.2d 72 (Ohio App. 1977); *Gimbel Bros., Inc. v. Cohen*, 46 Pa. D. & C.2d 747, 6 UCC Rep. Serv. 803 (C.P 1969); *Action Management Inc. v. Fratello*, 46 Pa. D. & C.4th 139 (C.P. 2000)*; Industrial Valley Bank v. Sharpe*, 15 Pa. D. & C.3rd 506 (C.P. 1980); *First National Bank v. Keefer*, 76 Pa. D. & C. 4th 233 (C.P. 2005); *Ideal Builders Hardware Co. v. Cross Constr. Co.*, 491 S.W.2d 228 (1972); *DaimlerChrysler Servs. N. Am., LLC v. Quimette*, 175 Vt. 316, 830 A.2d 38 (2003).

27. Hereinafter, the District of Columbia and the 41 states other than Louisiana, Colorado, Iowa, Mississippi, North Carolina, Oklahoma, Oregon, South Carolina, and Wisconsin are referred to as the "applicable jurisdictions." (Louisiana has not adopted Articles 2

and 2A of the UCC at all and the limitations provisions in the other listed states are non-standard.)

28. "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

29. Defendants PYOD and Weltman regularly demand payment of, file suit on, and threaten to file suit on auto retail installment contracts and lease debts in the applicable jurisdictions that are more than four years old at the time of the demand, filing, or threat.

30. It is the policy and practice of defendants, when seeking to collect time-barred debts, to not disclose the fact that they are time-barred.

31. It is the policy and practice of defendants, when seeking to collect time-barred debts, to not disclose the dates of the transactions giving rise to the debts.

32. The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)  The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## COUNT I – FDCPA

33. Plaintiff incorporates paragraphs 1-32.

34. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning and suing consumers on time-barred debts without disclosure of that fact.

35. Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

36. Section 1692f provides:

> **§ 1692f.     Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38. Class One consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession, or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning

June 14, 2011 and ending July 4, 2012.

39. Class Two consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant Weltman filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2011 and ending July 4, 2012.

40. On information and belief, each class is so numerous that joinder of all members is not practicable.

41. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants attempt to collect time-barred debts without disclosure of that fact and whether such practice violates the FDCPA.

42. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

44. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

      (1)      Statutory damages;

      (2)      Actual damages, including all amounts collected on time-barred debts and all appearance and attorney's fees incurred by persons sued on time-barred debts;

      (3)      Attorney's fees, litigation expenses and costs of suit; and

      (4)      Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

45. Plaintiff incorporates paragraphs 1-32.

46. This claim is against PYOD.

47. Defendant PYOD, LLC engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by dunning and threatening and filing suits on time-barred debts.

48. Defendant PYOD, LLC engaged in such conduct in the course of trade and commerce.

49. Defendant PYOD, LLC engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

## CLASS ALLEGATIONS

50. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

51. Class Three consists of (a) all individuals with Illinois addresses (b) with respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2009 and ending July 4, 2012.

52. On information and belief, the class is so numerous that joinder of all members is not practicable.

53. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant PYOD attempts to collect time-barred debts without disclosure of that fact.

54. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

56. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants:

    (1) Declaring that the purported debts are time-barred;

    (2) Enjoining defendant from instituting or threatening suit to collect such debts;

    (3) Enjoining defendant from attempting to collect such debts without disclosure of the fact that they are time-barred.

    (4) Requiring defendants to notify the class of the judgment;

    (5) For attorney's fees, litigation expenses and costs of suit; and

    (6) For such other and further relief as the Court deems proper.

        Respectfully Submitted,

        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106 (Cook)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)