IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON G. FREY, on behalf of himself and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-cv-3066 |
| LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP, and ALEGIS GROUP LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

Plaintiff Theresa Stumpf filed a two count class action complaint (the "Complaint") against Defendants PYOD, LLC ("PYOD") and Weltman, Weinberg & Reis Co., LPA ("WWR") (collectively "Defendants") alleging that Defendants sent dunning letters and sued on time-barred debts (1) in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and (2) in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq.* ("ICFA"). Plaintiff's Complaint contains almost no facts regarding her underlying debt. Plaintiff fails to include such basic facts as the specific nature of her debt, when she went into default, whether she made payments after going into default, when Defendants sent her dunning letters, and what was contained in any such dunning letters.

Plaintiff's FDCPA claim fails as pled because the FDCPA does not prohibit sending dunning letters on time-barred debts. Plaintiff's ICFA claim fails because Plaintiff does not allege she was deceived by Defendants' conduct. Moreover, Plaintiff fails to state particularized facts to support either her FDCPA or ICFA claim and neither rises above the speculative level.

Therefore, the Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's class action complaint contains scant allegations regarding the facts underlying her individual claims against Defendants. Plaintiff alleges that on or about March 6, 2012, WWR filed suit in the Circuit Court of Cook County to collect a debt Plaintiff owed PYOD related to an auto retail installment contract or lease debt ("Collection Action"). (Compl. ¶ 17.) According to the Complaint, after Plaintiff filed a motion to dismiss, the state court entered an agreed order dismissing the Collection Action. (Compl. ¶¶ 18-21.) Plaintiff alleges, without providing any additional facts regarding her underlying debt, that she went into default more than 4 years prior to Defendants filing the Collection Action. (Compl. ¶ 22.) Plaintiff does not state specifically when or why she why she ceased making payments on her debt. Further, Plaintiff does not state whether she ever came out of default and does not state if and when she made any subsequent payments on her debt. Instead, Plaintiff makes the conclusory allegation that Defendants regularly demand payment on, threaten litigation, and file debt collection suits barred by the statute of limitations. (Compl. ¶ 30.)

Plaintiff brings two claims on the basis of these limited factual allegations: (1) she alleges Defendants violated the FDCPA "by dunning and suing consumers on time-barred debts without disclosure of that fact" (Compl. ¶ 34), and; (2) she alleges PYOD violated the ICFA "by dunning and threatening and filing suits on time-barred debts." (Compl. ¶ 47.)

## III. ARGUMENT

### A. Legal Standard.

In deciding a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the

plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, the complaint must overcome two hurdles: (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "[T]he fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it." *Atkins v. City of Chi.*, 631 F.3d 823, 831 (7th Cir. 2011).

In relation to claims under the FDCPA, the Seventh Circuit evaluates communications from debt collectors "through the eyes of the unsophisticated consumer." *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483–84 (7th Cir. 1997); *see also Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). The "unsophisticated consumer" is a hypothetical consumer whose reasonable perceptions are used to assess debt collection activities. *See Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). This standard "protects the consumer who is uninformed, naive, or trusting." *Jang*, 122 F.3d at 483–84 (citing *Gammon*, 27 F.3d at 1257). At the same time, the standard "admits an objective element of reasonableness," which "protects debt collectors from liability for unrealistic or peculiar interpretations." *Id.*

    B.    **Plaintiff Fails To State A Claim Under The FDCPA Because The Statute Of Limitations For Filing A Debt Collection Action Does Not Prohibit A Debt Collector From Sending Collection Letters**

Plaintiff's FDCPA claim fails because the statute of limitations to collect a debt does not prevent a debt collector from sending letters. When attempting to collect a debt, "the statute of

limitations bars a specific remedy; it does not extinguish the indebtedness." *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001). A debt collector can send communications regarding a debt that is time-barred so long as those communications are not false, deceptive, or misleading. *Id.* An FDCPA claim is subject to dismissal as a matter of law if there is nothing deceptive-seeming about the communication in question. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 -777 (7th Cir. 2007).

Here, Plaintiff's FDCPA claim alleges Defendants committed FDCPA violations "by dunning and suing consumers on time-barred debts without disclosure of that fact." (Compl. ¶ 34.) Plaintiff's claim cannot survive as alleged because sending dunning letters associated with time-barred debts does not constitute a *per se* FDCPA violation. Plaintiff's Complaint does not include the contents of the dunning letter or letters that she alleges violate the FDCPA. Plaintiff cites non-binding language from the Federal Trade Commission ("FTC") to support her allegation that communications related to time-barred debts violate the FDCPA. (Compl. ¶ 32.) (citing the FTC website, which states that "[w]hen a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt.") However, the FTC's website makes clear that as a general matter "collectors are allowed to contact you about time-barred debts." *Time-barred Debts*, FTC Consumer Alert, *at* http://www.ftc.gov/bcp/edu/pubs/consumer/alerts/alt144.shtm. Without additional facts regarding the content of the alleged dunning letters Plaintiff received, her FDCPA claim on that basis fails to rise above the speculative level. *Atkins*, 631 F.3d at 831. Thus, the Court should dismiss Plaintiff's FDCPA claim.

C. **Plaintiff Fails To Allege Defendants Filed A Debt Collection Action More Than Four Years After The Cause of Action Accrued**

Plaintiff has not stated facts sufficient to support an FDCPA claim because she has not alleged Defendants filed the Collection Action more than four years after the cause of action

*accrued*. Under 810 ILCS 5/2-725, "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." Similarly, under 810 ILCS 5/2A-501, "[a]n action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued." A cause of action for default "accrues when the act or omission on which the default or breach of warranty is based is or should have been discovered by the aggrieved party, or when the default occurs, whichever is later." 810 ILCS 5/2A-506(2).

Here, Plaintiff has not alleged sufficient facts to establish when an action to collect her debt accrued. Plaintiff does not allege when she first ceased making payments. Plaintiff does not state any facts regarding terms of her underlying retail installment sale or lease contract; in particular, Plaintiff fails to allege what triggers default under the contract. Accordingly, Plaintiff's Complaint provides no way to assess when the cause of action for her default accrued. Absent more specific facts, Plaintiff's allegation that the Collection Action was time-barred is conclusory and fails to rise above the speculative level.

D. **Plaintiff Fails To State Claim Under The ICFA Because She Does Not Allege She Was Deceived By PYOD**

Plaintiff's ICFA claim fails because she does not allege she was actually misled or deceived by PYOD. To state a cause of action under the ICFA, a plaintiff must allege: "(1) a deceptive act or unfair practice occurred; (2) the defendant intended for plaintiff to rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff sustained actual damages; and (5) such damages were proximately caused by the defendant's deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801 (Ill. 2005); *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 970 (N. D. Ill. 2008); *Dubey v. Pub. Storage, Inc.*, 918 N.E.2d 265, 277 (Ill. App. Ct. 2009). In order to plead proximate causation,

"a plaintiff must allege that he was, in some manner, deceived." *Kitzes v. Home Depot, U.S.A., Inc.*, 374 Ill. App. 3d 1053, 1062, 872 N.E.2d 53, 61, (1st Dist. 2007).

Here, Plaintiff does not allege she was in any way deceived by the filing of the Collection Action. In fact, Plaintiff alleges that through counsel she moved to have the Collection Action dismissed as untimely shortly after it was filed. (Compl. ¶ 19.) Plaintiff further acknowledges that Defendants' agreed to dismissal of the Collection Action. (Compl. ¶ 21.) These actions belie any potential claim that plaintiff was deceived.

Plaintiff's ICFA claim also fails to meet the heightened pleading requirements for fraud. To state a claim under the ICFA, a plaintiff "'must state with particularity and specificity the deceptive [unfair] manner of defendant's acts or practices, and the failure to make such averments requires the dismissal of the complaint.'" *Pantoja-Cahue v. Ford Motor Credit Co.*, 375 Ill. App. 3d 49, 60, 872 N.E.2d 1039, 1048-1049 (Ill. App. 1st Dist. 2007). Plaintiff does not provide any allegations whatsoever regarding the content of the dunning letters she allegedly received and underlie her ICFA claim. Plaintiff's fraud claim cannot survive based solely on these threadbare and conclusory allegations of deceptive or unfair practices. Therefore, the Court should dismiss Plaintiff's ICFA claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim against Defendants under either the FDCPA or the ICFA. Therefore, Defendants respectfully request the Court dismiss the Complaint and grant such other relief the Court deems just and proper.

Date:  August 8, 2012

Respectfully submitted,

PYOD, LLC, and WELTMAN, WEINBERG & REIS CO., LPA

By: ___s/ Gary S. Caplan_____

One of Their Attorneys

Gary S. Caplan (Atty. # 6198263)
David A. Maas (Atty. # 6306482)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 207-1000
Fax:    (312) 207-6400

## CERTIFICATE OF SERVICE

I, Gary S. Caplan, hereby certify that on August 8, 2012 I caused to be filed electronically the attached MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMIS using the Court's CM/ECF system, which automatically will send notice to those parties who have appeared and are so registered.

By:   s/ Gary S. Caplan
       One of Its Attorneys

Gary S. Caplan (Atty. # 6198263)
Max A. Stein (Atty. # 6275993)
David A. Maas (Atty. # 6306482)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 207-1000
Fax: (312) 207-6400