**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THERESA STUMPF | ) | |
| on behalf of herself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 12 cv 4688 |
| | ) | |
| vs. | ) | Judge Gettleman |
| | ) | Magistrate Judge Gilbert |
| PYOD, LLC, and | ) | |
| WELTMAN, WEINBERG & | ) | |
| REIS CO., LPA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PYOD, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant PYOD, LLC ("PYOD" or "Defendant"), by and through its attorneys, for its

Answer to Plaintiff Theresa Stumpf's ("Plaintiff") First Amended Complaint states as follows:

1.      Plaintiff Theresa Stumpf brings this action to secure redress from unlawful credit

and collection practices engaged in by defendants PYOD, LLC ("PYOD") and Weltman,

Weinberg & Reis Co., LPA ("Weltman").  Plaintiff alleges violation of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

**ANSWER:**     Defendant admits Plaintiff alleges violation of the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law and that Plaintiff brings this action

against PYOD and Weltman on those bases.  Defendant denies Plaintiff states a claim under

those theories and denies that Plaintiff is entitled to any of the relief sought in the First Amended

Complaint.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;

conduct which harasses, oppresses, or abuses any debtor; and any false, deceptive, or misleading

statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:**    Defendant denies Plaintiffs' characterization of the FDCPA in Paragraph 2.

3.    Specifically, plaintiff alleges that PYOD and Weltman systematically engaged in collecting time-barred debts.

**ANSWER:**    Defendant admits that Plaintiff includes the allegations described in Paragraph 3 in its First Amended Complaint but denies that Plaintiff states a claim based on these allegations and denies that Plaintiff is entitled to the relief sought in the First Amended Complaint.

## VENUE AND JURISDICTION

4.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER:**    Defendant admits the allegations in Paragraph 4.

5.    Venue and personal jurisdiction in this District are proper because:

a.    Defendants' collection communications and activities impacted plaintiff within this District; and

b.    Each defendant does business or is located within this District.

**ANSWER:**    Based upon the information Defendant has as of the date of this Answer, Defendant does not contest venue.

## PARTIES

6.    Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER:**    Defendant admits only that its business records contain an Illinois address for Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residence at the time of this Answer.

7.      Defendant PYOD is a limited liability company organized under Delaware law with offices at 625 Pilot Road, Suite 2, Las Vegas, NV 89119.  It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER:**     Defendant admits the allegations in Paragraph 7.

8.      PYOD is engaged in the business of purchasing or claiming to purchase charged-off consumer debts, including auto retail installment contract and lease debts, and enforcing those debts against consumers.

**ANSWER:**     Defendant admits that PYOD is in the business of purchasing charged-off consumer debts, including auto retail installment contract and lease debts, and that it seeks to collect those debts in certain circumstances.  Further answering the allegations contained in Paragraph 8, PYOD denies that plaintiff fully or accurately characterizes the nature of its business.  Defendant denies any remaining allegations in Paragraph 8.

9.      PYOD pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:**     Defendant denies the allegations in Paragraph 9.

10.     PYOD regularly uses the mails and telephones to collect debts.

**ANSWER:**     Defendant admits the allegations in Paragraph 10.

11.     PYOD is the plaintiff in more than 100 lawsuits seeking to collect consumer debts.

**ANSWER:**     Defendant admits that, without limitation as to time or forum, PYOD has been plaintiff in more than 100 lawsuits seeking to collect consumer debts.

12.     Because the purported obligations were originally owed to other entities and were charged off prior to purchase, PYOD is a "debt collector" as defined in the FDCPA.

**ANSWER:**     Because the term "purported obligations" is not defined, Defendant lacks knowledge sufficient to admit or deny the allegations in Paragraph 12 and therefore denies the same.

13.     Defendant Weltman is a law firm with offices at 180 N. LaSalle Street, Suite 2400, Chicago, IL 60601.

**ANSWER:**     Defendant admits the allegations in Paragraph 13.

14.     Weltman's practice consists primarily of the collection of debts owed to others and incurred for personal, family, or household purposes.

**ANSWER:**     Defendant lacks sufficient information as to form a belief as to the truth of the allegations in Paragraph 14.

15.     Weltman is a "debt collector" as defined in the FDCPA.

**ANSWER:**     Defendant lacks sufficient information as to form a belief as to the truth of the allegations in Paragraph 15.

16.     Weltman files thousands of collection lawsuits against consumers each year, and sends tens of thousands of collection letters each year.

**ANSWER:**     Defendant lacks sufficient information as to form a belief as to the truth of the allegations in Paragraph 16.

## FACTS

17.     On or about March 6, 2012, PYOD, represented by Weltman, filed suit against plaintiff Theresa Stumpf in the Circuit Court of Cook County to collect a purported auto

retail installment contract or lease debt incurred for personal, family, or household purposes, case number 2012-M1-113101.

**<u>ANSWER:</u>**    Defendant admits the allegations in Paragraph 17.

18.    Plaintiff was required to go the courthouse, pay an appearance fee, and retain counsel to defend the lawsuit.

**<u>ANSWER:</u>**    Defendant lacks sufficient information as to form a belief as to the truth of the allegations in Paragraph 18.

19.    Ms. Stumpf filed a motion asserting the statute of limitations on May 15, 2012, noticing up the Motion for May 29, 2012.

**<u>ANSWER:</u>**    Defendant admits the allegations in Paragraph 19.

20.    On May 18, 2012, Daniel May of Weltman left Plaintiff's counsel a voicemail message stating PYOD would not contest Stumpf's Motion to Dismiss.

**<u>ANSWER:</u>**    Defendant lacks sufficient information as to form a belief as to the truth of the allegations in Paragraph 20.

21.    On May 29, 2012, the case was dismissed with prejudice by an Agreed Order.

**<u>ANSWER:</u>**    Defendant admits the allegations in Paragraph 21.

22.    The last payment Ms. Stumpf made on the debt was on or around April 2004.  No subsequent payments have been made.

**<u>ANSWER:</u>**    Defendant denies the allegations in Paragraph 22.

23.    Failure to make her payments resulted in Ms. Stumpf defaulting on the contract.

**<u>ANSWER:</u>**    Defendant admits the allegations in Paragraph 23.

24.     The statute of limitations applicable to the collection of auto retail installment contracts and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code.

**ANSWER:**     Paragraph 24 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the statements in Paragraph 24.

25.     Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

**ANSWER:**     Paragraph 25 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the statements in Paragraph 25.

26.     Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ." The Illinois citation is 810 ILCS 5/2A-506.

**ANSWER:**     Paragraph 26 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the statements in Paragraph 26.

27.     Most states have enacted the standard Uniform Commercial Code statute of limitations and have held that it applies to an action to recover the money owed under a contract for the sale of goods.  *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); *Jack Heskett Lincoln-Mercury v. Metcalf*, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); *Worrel v. Farmers Bank of Delaware*, 430 A.2d 469 (Del. 1981); *First Hawaiian Bank v. Powers*, 93 Haw. (App.) 174, 998 P.2d 55, 67 (2000); *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law); *Barnes v.*

*Community Trust Bank*, 121 S.W.3d 520 (Ky. App. 2003); *Scott v. Ford Motor Credit Co.*, 345 Md. 251, 691 A.2d 1320 (1997); *First of Am. Bank v. Thompson*, 217 Mich. App. 581; 552 N.W.2d 516 (1996); *D.A.N. J.V. III v. Clark*, 218 S.W.2d 455 (Mo.App. 2006); *Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851 (1983); *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A.2d 858 (1966); *Ford Motor Credit Co. v. Arce*, 348 N.J.Super 198 (App. Div. 2002); *First National Bank v. Chase*, 118 N.M. 783, 887 P.2d 1250 (1994); *Matter of Village of Scarsdale v New York City Water Bd.*, 33 A.D.3d 1011, 824 N.Y.S.2d 325 (2nd Dept. 2006); *Wuhu Import & Export Corp. v. Capstone Capital*, LLC, 39 A.D.3d 314; 834 N.Y.S.2d 129 (1st Dept. 2007); *Herba v. Chichester*, 301 A.D.2d 822, 823, 754 N.Y.S.2d 695 (3rd Dept. 2003); *Alice A. Baker, Inc. v. Norton*, 192 Misc. 2d 511; 747 N.Y.S.2d 146 (Sup.Ct. Rensselaer Co. 2002); *Bluefin Wear, Inc. v Tuesday's Child Boutique, Inc.*, 13766/10, 33 Misc. 3d 1233A; 2011 N.Y. Misc. LEXIS 5817; 2011 NY Slip Op 52231U (Sup.Ct. Kings Co. Dec. 14, 2011); *May Co. v. Trusnik*, 54 Ohio App.2d 71, 375 N.E.2d 72 (Ohio App. 1977); *Gimbel Bros., Inc. v. Cohen*, 46 Pa. D. & C.2d 747, 6 UCC Rep. Serv. 803 (C.P 1969); *Action Management Inc. v. Fratello*, 46 Pa. D. & C.4th 139 (C.P. 2000); *Industrial Valley Bank v. Sharpe*, 15 Pa. D. & C.3rd 506 (C.P. 1980); *First National Bank v. Keefer*, 76 Pa. D. & C. 4th 233 (C.P. 2005); *Ideal Builders Hardware Co. v. Cross Constr. Co.*, 491 S.W.2d 228 (1972); *DaimlerChrysler Servs. N. Am., LLC v. Quimette*, 175 Vt. 316, 830 A.2d 38 (2003).

**ANSWER:**    Paragraph 27 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the statements in Paragraph 27.

28.    Hereinafter, the District of Columbia and the 41 states other than Wisconsin are referred to as the "applicable jurisdictions." (Louisiana has not adopted Articles 2

and 2A of the UCC at all and the limitations provisions in the other listed states are non-standard.)

**ANSWER:**    Defendant admits that Plaintiff refers to the District of Columbia and the 41 states other than Wisconsin as "applicable jurisdictions. The remaining allegations in Paragraph 28 state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the remaining statements in Paragraph 28.

29.    "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd*., 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

**ANSWER:**    Defendant admits Paragraph 29 recites parts of the cited decisions by Illinois Courts. Paragraph 29 states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the statements in Paragraph 29.

30.    Defendants PYOD and Weltman regularly demand payment of, file suit on, and threaten to file suit on auto retail installment contracts and lease debts in the applicable jurisdictions that are more than four years old at the time of the demand, filing, or threat.

**ANSWER:**    Defendant denies the allegations in Paragraph 30.

31.    It is the policy and practice of defendants, when seeking to collect time-barred debts, to not disclose the fact that they are time-barred.

**ANSWER:**    Defendant denies the allegations in Paragraph 31.

32.     It is the policy and practice of defendants, when seeking to collect time-barred debts, to not disclose the dates of the transactions giving rise to the debts.

**ANSWER:**     Defendant denies the allegations in Paragraph 32.

33.     The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance*, *LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

**ANSWER:**     Defendant admits that the website cited in Paragraph 33 contains the partial statements Plaintiff extracts in the first sentence of Paragraph 33.  Plaintiff lacks sufficient information as to form a belief as to the truth of the remaining allegations in Paragraph 33.

## COUNT I - FDCPA

34.     Plaintiff incorporates paragraphs 1-33.

**ANSWER:**     Defendant adopts and incorporates its answers to Paragraphs 1-33 above as and for its answer to Paragraph 34.

35.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning and suing consumers on time-barred debts without disclosure of that fact.

**ANSWER:**     Defendant denies the allegations in Paragraph 35.

36.     Section 1692e provides:

**§ 1692e.   False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of-**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:**     Defendant admits Paragraph 36 recites part of the FDCPA.  Defendant denies any violation of the FDCPA occurred.

37.     Section 1692f provides:

**§ 1692f.     Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

**ANSWER:**     Defendant admits Paragraph 37 recites part of the FDCPA.  Defendant denies any violation of the FDCPA occurred.

## CLASS ALLEGATIONS

38.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:**     Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 38.

39.     Class One consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession, or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2011 and ending July 4, 2012.

**ANSWER:**     Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 39.

40.     Class Two consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant Weltman filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2011 and ending July 4, 2012.

**ANSWER:**     Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 40.

41.     On information and belief, each class is so numerous that joinder of all members is not practicable.

**ANSWER:**     Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 41.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants attempt to collect time-barred debts without disclosure of that fact and whether such practice violates the FDCPA.

**ANSWER:** Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 42.

43. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 43.

44. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:** Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 44.

45. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights; and

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**     Defendant admits Plaintiff has filed this claim on behalf of two classes. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 45.

WHEREFORE, the Court should enter a judgment against plaintiff and in favor of defendant on Count I of Plaintiff's Complaint.

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

46.     Plaintiff incorporates paragraphs 1-33.

**ANSWER:**     Defendant adopts and incorporates its answers to Paragraphs 1-33 above as and for its answer to Paragraph 46.

47.     This claim is against PYOD.

**ANSWER:**     Defendant admits Plaintiff purports to bring this claim against PYOD.  Defendant denies it committed any violation of the Illinois Consumer Fraud & Deceptive Practices Act.

48.     Defendant PYOD, LLC engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by dunning and threatening and filing suits on time-barred debts.

**ANSWER:**     Defendant denies the allegations in Paragraph 48.

49.     Defendant PYOD, LLC engaged in such conduct in the course of trade and commerce.

**ANSWER:**     Defendant denies the allegations in Paragraph 49.

50.     Defendant PYOD, LLC engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

**ANSWER:**     Defendant denies the allegations in Paragraph 50.

WHEREFORE, the Court should enter a judgment against plaintiff and in favor of

defendant on Count II of Plaintiff's Complaint.

## CLASS ALLEGATIONS

51.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P.

23(a) and 23(b)(3).

**ANSWER:**  Defendant admits Plaintiff has filed this claim on behalf of a purported class.

Defendant denies that any class exists or that any class should be certified and accordingly

denies the allegations contained in Paragraph 51.

52.    Class Three consists of (a) all individuals with Illinois addresses (b) with

respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter

(directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts

(d) more than four years after the later of default, repossession or chargeoff, (e) which letter was

sent or lawsuit was pending at any time during a period beginning June 14, 2009 and ending July

4, 2012.

**ANSWER:**    Defendant admits Plaintiff has filed this claim on behalf of a purported class.

Defendant denies that any class exists or that any class should be certified and accordingly

denies the allegations contained in Paragraph 52.

53.    On information and belief, the class is so numerous that joinder of all

members is not practicable.

**ANSWER:**    Defendant admits Plaintiff has filed this claim on behalf of a purported class.

Defendant denies that any class exists or that any class should be certified and accordingly

denies the allegations contained in Paragraph 53.

54.    There are questions of law and fact common to the class, which common

questions predominate over any questions relating to individual class members.  The

predominant common questions are whether defendant PYOD attempts to collect time-barred debts without disclosure of that fact.

**ANSWER:**    Defendant admits Plaintiff has filed this claim on behalf of a purported class. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 54.

55.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER:**    Defendant admits Plaintiff has filed this claim on behalf of a purported class. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 55.

56.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions.

**ANSWER:**   Defendant admits Plaintiff has filed this claim on behalf of a purported class. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 56.

57.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible;

b.    Members of the class are likely to be unaware of their rights.

**ANSWER:**    Defendant admits Plaintiff has filed this claim on behalf of a purported class. Defendant denies that any class exists or that any class should be certified and accordingly denies the allegations contained in Paragraph 57.

WHEREFORE, the Court should enter a judgment against Plaintiff and in favor of Defendant on all counts in Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

For its first affirmative defense, Defendant states that the Illinois litigation privilege and bars Plaintiff's First Amended Complaint. Plaintiff's claims challenge statements made in the collection litigation. *MacGregor v. Rutberg*, no. 06-2829, slip op., p. 2-3 (7th Cir. February 27, 2007); *NSB Tech Inc. v. Spec Direct Marketing, Inc.*, 2004 WL 1918708, *3(N.D. Ill. 2004).

### Second Affirmative Defense

Defendant states that neither Plaintiff nor any putative class member have suffered any actual damages as a result of the alleged acts and/or omissions of Defendant.

### Third Affirmative Defense

Defendant states that any violation of the FDCPA, which it denies occurred, was the result of a bona fide error in spite of procedures reasonably designed to avoid such error. At all times Defendant acted in good faith and without intent to harm plaintiff or any punitive class member.

Date:    September 25, 2012

Respectfully submitted,

Defendant PYOD, LLC

By:    s/ Gary S. Caplan

One of Its Attorneys

Gary S. Caplan (Atty. # 6198263)
David A. Maas (Atty. # 6306482)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 207-1000
Fax:    (312) 207-6400

## CERTIFICATE OF SERVICE

I, Gary S. Caplan, hereby certify that on September 25, 2012 I caused to be filed electronically

the attached DEFENDANT PYOD, LLC'S  ANSWER TO PLAINTIFF'S FIRST AMENDED

COMPLAINT using the Court's CM/ECF system, which automatically will send notice to those

parties who have appeared and are so registered.

By:    s/ Gary S. Caplan
     One of Its Attorneys

Gary S. Caplan (Atty. # 6198263)
David A. Maas (Atty. # 6306482)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 207-1000
Fax:    (312) 207-6400