**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THERESA STUMPF, | ) | |
| on behalf of herself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 12 cv 4688 |
| | ) | |
| vs. | ) | Judge Gettleman |
| | ) | Magistrate Judge Gilbert |
| PYOD, LLC, and | ) | |
| WELTMAN, WEINBERG & | ) | |
| REIS CO., LPA, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

**A.    STATUS**

This matter is set for a status hearing on October 30, 2012 at 9:00am.

**B.    COUNSEL OF RECORD**

**For Plaintiff:**

Daniel A. Edelman (lead trial attorney)
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200

**For Defendants:**

Gary S. Caplan
David A. Maas
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-1000
(*Counsel for PYOD, LLC and Weltman Weinberg & Reis Co., LPA*)

Nabil G. Foster
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000
(*Counsel for Weltman*)

**C.     BASIS FOR FEDERAL JURISDICTION**

Plaintiff has alleged that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and, therefore, this Court has jurisdiction under 115 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, and 28 U.S.C. §1337. The parties agree that venue is appropriate in the Northern District of Illinois, as the Plaintiff resides within this district.

**D.     JURY**

A jury has not been requested.

**E.     NATURE OF CLAIMS**

On September 26, 2012, Plaintiff Theresa Stumpf ("Plaintiff") filed a First Amended Class Action Complaint against PYOD, LLC, ("PYOD") and Weltman, Weinberg, & Reis Co., LPA ("Weltman"). In the amended complaint, Plaintiff contends that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by dunning and suing her on a time-barred debt. Plaintiff also alleges that Defendant PYOD violated the Illinois Consumer Fraud Act ("ICFA") by dunning and threatening and filing suits on time-barred debts. Plaintiff seeks statutory damages for herself and three putative classes and costs of suit.

**F.     RELIEF**

Plaintiff seeks relief in the form of statutory damages, actual damages, attorney's fees, litigation expenses, costs of suit, relief for the putative classes, and such other or further relief as the Court deems proper.

**G.     SERVICE OF PROCESS**

All Parties have been served and filed appearances.

**H.     LEGAL ISSUES**

The major legal issue is whether the Defendants' practice of dunning and suing on time-barred debts without disclosure of that fact violate the FDCPA and ICFA. Also at issue is whether the statute of limitations had run when Defendants filed the complaint to collect a debt from Plaintiff. Further, Defendants assert that any violation of the FDCPA was the result of a bona fide error in spite of procedures reasonably designed to avoid such error.

2

## I. FACTUAL ISSUES

The major factual issue is whether Defendants attempt to collect and sue on time-barred debts without disclosure of that fact. Also at issue is when Plaintiff made payments on her underlying debt. Further, Defendants' bona fide error defense raises the issue of whether Defendants had policies reasonably designed to avoid file collection actions after the statute of limitations had expired.

## J. ANTICIPATED MOTIONS

Plaintiff expects to file a Motion for Class Certification.

## K. PROPOSED DISCOVERY PLAN

### a. General type of discovery needed.

Parties will need information related to Plaintiff's alleged underlying debt, defendants' collection practices, the lawsuits brought by defendants and the amounts sought therein, the relationships among the defendants, information regarding the putative class, and insurance information. No discovery has been served at this point, due to this Court's July 11, 2012 Order not setting discovery schedule until defendants' Motion to Dismiss, which is now moot, has been ruled upon.

### b. Date for Rule 26(a)(1) disclosures.

Parties will exchange Rule 26(a)(1) disclosures by November 2, 2012.

### c. Date to issue written discovery.

Parties will issue all written discovery by December 28, 2012.

### d. Fact discovery completion date.

The deadline for completing fact discovery will be by April 26, 2013.

### e. Expert discovery completion date, including dates for the delivery of expert reports.

The parties do not currently contemplate any expert discovery. Defendants need to engage in discovery before determining whether they anticipate the use of an expert.

### f. Date for the filing of dispositive motions.

Parties will file all dispositive motions by July 1, 2013.

**L.  TRIAL**

The Parties expect to be ready for trial by September 30, 2013. The probable length of trial is 3 days.

**M.  STATUS OF SETTLEMENT**

On October 1, 2012, Plaintiff's counsel sent defendants' counsel a request for information from defendants regarding approximate putative class size, financial information, and insurance information. Plaintiff requires this information before she can send a fully-informed settlement demand. Defendants have yet to respond.

**N.  CONSENT FOR MAGISTRATE JUDGE**

Parties DO NOT agree to consent before a Magistrate Judge.

Respectfully Submitted,

s/ Catherine A. Ceko
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

s/ David A. Mass
David A. Maas
Gary S. Caplan
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-1000

s/Nabil G. Foster
Nabil G. Foster
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000