**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THERESA STUMPF, | ) | |
| on behalf of herself and the classes, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:12-CV-4688 |
| | ) | |
| vs. | ) | Judge Gettleman |
| | ) | |
| PYOD, LLC, RESURGENT CAPITAL | ) | Magistrate Judge Brown |
| SERVICES, L.P., and WELTMAN, WEINBERG | ) | |
| & REIS CO., LPA, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AGREEMENT**

Plaintiff, Theresa Stumpf ("Plaintiff"), by her attorneys, Edelman, Combs, Latturner & Goodwin, LLC, and Defendants, PYOD, LLC ("PYOD"), Resurgent Capital Services, L.P. ("Resurgent"), and Weltman Weinberg & Reis, Co., LPA ("Weltman") (collectively "Defendants"), by their attorneys, Reed Smith LLP, and for their Joint Motion for Preliminary Approval of Class Action Settlement state as follows:

**Background**

1.      This action was brought by the Plaintiff on her own behalf and on behalf of all other persons similarly situated.

2.      Plaintiff asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") in connection with the conduct of Defendants.  Specifically, Plaintiff claimed that Defendants violated the FDCPA 15 U.S.C. §1692 *et seq.* and the Illinois Consumer Fraud Act, 814 ILCS 505/2 ("ICFA") by allegedly dunning and suing consumers on time-barred debts without disclosure of that fact.

3.     The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement, attached hereto as Appendix 1.

**Stipulated Terms of Proposed Class Settlement**

4.     For settlement purposes only, the parties have stipulated to the certification of three (3) classes and have agreed that, for settlement purposes only, the classes as defined below meet all the requirements of Rule 23.  Specifically:

(a)     Class members are ascertainable and so numerous that joinder of all members is impracticable;

(b)     There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the Litigation;

(c)     The claims of Plaintiff are typical of the claims of Class members;

(d)     Plaintiff has fairly and adequately protected the interests of the Class members;

(e)     A class action is superior to other available methods for an efficient adjudication of this controversy; and

(f)     The law firm of Edelman, Combs, Latturner & Goodwin, is qualified to serve as counsel for the Class.

5.     For settlement purposes only, the parties have stipulated to the certification of the following classes:

Class One consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession, or chargeoff, (e) which letter was sent or lawsuit was

pending at any time during a period beginning June 14, 2011, and ending July 4, 2012.

Class Two consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant Weltman filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2011, and ending July 4, 2012.

Class Three consists of (a) all individuals with Illinois addresses (b) with respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2009, and ending July 4, 2012.

These Classes as defined include approximately 14,258 persons that can be treated similarly for purposes of settlement and meet each of the basic requirements of Rule 23 in that context. "Certification is within the sound discretion of the Court," and requires questions of fact or law common to the class to predominate over questions affecting only individual members of a class. *See Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). In addition, the class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a). Here, the Settlement Class consists of similarly-situated individuals with common questions of law and fact that predominate over any other issues, such that a class action is the superior method of adjudicating these claims. Moreover, based on the estimated 14,258 or more persons in the putative classes, the Settlement Classes are so numerous that joinder would be impracticable.

6.    Counsel for Plaintiff and counsel for Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in

excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs, and possible outcome of a trial. Based on their review and analysis, Plaintiff and Defendants entered into the Class Settlement Agreement.

7.     Pursuant to the Class Settlement Agreement, Defendants have agreed to the settlement of this action as follows:

(a)     Relief to Plaintiff – Plaintiff, THERESA STUMPF, will receive $5,000.00 for her actual and statutory damages and as an incentive award for being the class representative.

(b)     Relief to members of the Classes – Defendants shall pay $165,000 into a Class Settlement Fund. The $165,000 Class Settlement Fund shall include plaintiff's award; settlement administrative costs and notice costs for the class; and plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the Settlement Fund. The remainder of the Class Settlement Fund will be distributed among the class members who do not timely opt out on a *pro rata* basis, with a maximum award of $1,000 to any individual class member.

(c)     Cy Pres – Any amount remaining in the Class Fund after all class checks are void will be distributed in equal parts to The Legal Assistance Foundation and Equip for Equality.

(d)     Attorneys' fees – Subject to Court approval, Class Counsel will receive attorney fees and costs not to exceed 30% of the Settlement Fund, after the costs of administration are subtracted. Defendant agrees not to object to a fee petition that requests up to this amount.

(e)     Actual Damages – The settlement does not release class members' potential claims for actual damages.

(f)     Class Notice – Plaintiff's counsel will be responsible for arranging and directing mailing to and issuing proper notice to the Class Members and for administrating the settlement. The costs of administration to the class will come from the Settlement Fund. Members of the Class shall have forty-five (45) days from the mailing of the notice to submit a claim form, an opt out request, or object to the proposed settlement.  The form of class notice is attached to the proposed Settlement Agreement as Exhibit A.

8.     Plaintiff and counsel for Plaintiff and the proposed classes believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Classes.

WHEREFORE, Plaintiff, Theresa Stumpf, and Defendants, PYOD, LLC, Resurgent Capital Services, LP, and Weltman Weinberg & Reis, Co., LPA, respectfully request that this Court enter an order in the form of Exhibit B to the Settlement Agreement, which:

(i)     Grants preliminary approval of the purposed settlement;

(ii)     Directs the mailing of notice in the form of Exhibit A to the Settlement Agreement;

(iii)     Appoints Edelman Combs Latturner & Goodwin, LLC as class counsel;

(iv)     Sets dates for submission of opt outs, requests and objections; and

(v)     Schedules a hearing for final approval of the class settlement.

Respectfully Submitted,

**EDELMAN COMBS LATTURNER
& GOODWIN, LLC**
Daniel Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
120 So. LaSalle Street, 18th Floor
Chicago, IL  60603
(312) 739-4200

/s/Catherine A. Ceko
Counsel for Plaintiff

**REED SMITH LLP**
David A. Maas
Gary S. Caplan
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-1000

/s/David A. Maas
Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, Catherine A. Ceko, hereby certify that on May 28, 2013, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

David A. Maas
dmaas@reedsmith.com

Gary S. Caplan
gcaplan@reedsmith.com

s/ Catherine A. Ceko
Catherine A. Ceko

# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THERESA STUMPF, | ) | |
| on behalf of herself and the classes, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:12-CV-4688 |
| | ) | |
| vs. | ) | Judge Gettleman |
| | ) | |
| PYOD, LLC, RESURGENT CAPITAL | ) | Magistrate Judge Brown |
| SERVICES, L.P., and WELTMAN, WEINBERG | ) | |
| & REIS CO., LPA, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS SETTLEMENT AGREEMENT

**A.) Cases, Parties and Nature of the Litigation.**

Plaintiff, Theresa Stumpf ("Plaintiff"), individually and on behalf of putative class members, filed a Second Amended Complaint in the above-captioned action in the United States District Court for the Northern District of Illinois, Eastern Division entitled *Theresa Stumpf v. PYOD, LLC, Resurgent Capital Services, L.P., and Weltman, Weinberg & Reis Co., LPA*, Case No. 12 CV 4688 (the "Litigation"). Plaintiff alleges that PYOD, LLC ("PYOD"), Resurgent Capital Services, L.P. ("Resurgent"), and Weltman, Weinberg & Reis Co., LPA ("WWR") (collectively "Defendants") violated the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Consumer Fraud Act, 814 ILCS 505/2 ("ICFA") by allegedly dunning and suing consumers on time-barred debts without disclosure of that fact.

**B.) Compromise of Claims.**

1. The parties find it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in this Class Settlement

Agreement ("Agreement") to avoid further expense and burdensome, protracted litigation, and to put to rest the FDCPA statutory damage claims arising out of the alleged dunning, threatening, and filing of suits on time-barred debts against the settlement class members defined in paragraph F below.

2.    Plaintiff and the settlement class members desire to settle their FDCPA statutory damage claims against Defendants, having taken into account, through their counsel, the risks and delay involved, especially in light of the difficulties and challenges to recover in excess of that offered by this settlement and the likelihood that the litigation will be further protracted.

3.    Counsel for Plaintiff and the settlement class members have investigated the facts available to them and the applicable law.

4.    Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the classes, counsel for the settlement classes consider it to be in the best interest of the classes to enter into this Agreement.

5.    In consideration of the foregoing and other good and valuable consideration, Plaintiff, counsel for the settlement classes, and Defendants stipulate and agree that the claims of the named plaintiff and FDCPA statutory damage claims of the settlement class members against Defendants in the Litigation should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

**C.) Terms.**

Effective Date:  This Agreement shall become effective (hereinafter the "Effective Date") upon (1) the Court's entry of a final order approving this Agreement as fair,

reasonable, and adequate to the classes and dismissing the claims of Plaintiff and the settlement class members against Defendants and their agents without prejudice (which will later be converted to a dismissal with prejudice with regard to all of plaintiff's claims and the FDCPA statutory damages claims of class members); and (2) the expiration of five (5) days after the time the final order, judgment, and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment, and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement. The parties waive their rights to appeal from any Final Order entered in accordance with the terms of this Agreement. The parties shall each bear their own costs and expenses in responding to any appeal taken from the Final Order.

**D.) Class Representative.**

Theresa Stumpf is the Plaintiff and Class Representative.

**E.) The Defendants.**

PYOD, LLC, Resurgent, and WWR are the Defendants.

**F.) The Class.**

The parties agree to seek certification of the following classes for purposes of this settlement:

Class One consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession, or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2011, and ending July 4, 2012.

Class Two consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant Weltman filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2011, and ending July 4, 2012.

Class Three consists of (a) all individuals with Illinois addresses (b) with respect to whom defendant PYOD, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning June 14, 2009, and ending July 4, 2012.

The Members of these three settlement classes shall be referred to as the "Class Members."

The Defendants have compiled a list identifying 14,258 individuals who appear to qualify as Class Members.

## G.) Relief to Plaintiff and the Classes.

1.      Defendants agree to pay $5,000 to Plaintiff for her actual and statutory damages and as an incentive award for her role as Class Representative.

2.      Defendants shall pay $165,000 as the Class Settlement Fund.  The $165,000 Class Settlement Fund shall include Plaintiff's $5,000 damages and incentive award, settlement administrative costs and notice costs for the class, and Plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the Settlement Fund. The remainder of the Class Settlement Fund will be distributed on a *pro rata* basis among those putative class members who do not timely opt out, with a maximum award of $1,000 to any individual class member.

4.      The distribution to class members will be in the form of a check that will become void 60 days from the date of issue.  To the extent administratively feasible, the

date of issue shall be the same date as the date the check is mailed to each participating class member.

5.      All payments due under this Agreement, including payments due for attorney's fees and costs, shall be made within twenty-one (21) days of the Effective Date.

6.      All payments due under this Agreement, including payments to Plaintiff, payments to the Class Members, and payments due for attorney's fees and costs, shall be paid from the Class Settlement Fund, which is funded by Defendants.

7.      Any checks that have not been cashed thirty (30) days after the void date will be donated in equal parts to The Legal Assistance Foundation of Chicago and Equip for Equality as a *cy pres* award.

**H.) Release.**

1.      Each Class Member not opting out as of the Effective Date does hereby release and forever discharge the Defendants and their parents, subsidiaries, affiliates, successors, assigns, shareholders, partners, directors, officers, attorneys, employees, agents, and insurers ("the Released Parties") from all causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the classes now have, ever had, or hereafter may have against the Released Parties, for statutory damages resulting from any violations of the FDCPA arising out of the dunning, threatening, and filing of suits on time-barred debts against the Class Members.  This Agreement and release does not address the validity of the debts allegedly owed by the Class Members or any actual damages that the Class Members may have suffered.  Class Members do not release their right to dispute any alleged debt; or any part of an alleged debt unrelated to the

dunning, threatening, and filing of suits on time-barred debts; or the class members' rights to actual damages they may have suffered based upon the conduct alleged in the Litigation. This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

2.      Plaintiff, her assigns, heirs, successors and personal representatives do hereby release and forever discharge the Defendants and their parents, subsidiaries, affiliates, successors, assigns, shareholders, partners, directors, officers, attorneys, employees, agents, and insurers ("the Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity arising from the facts alleged in the complaint, or which could have been alleged in the complaint. This release is conditioned on the final approval of the Agreement by the Court and defendants meeting their obligations therein.

3.      If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

**I.) Attorneys' Fees, Notice Costs, and Related Matters**.

1.      Plaintiff's counsel will request, subject to court approval, one-third of the remaining Class Fund, after the costs of administration are subtracted, as the total attorney's fees and costs incurred in the Litigation.  Plaintiff's counsel will not request additional fees or costs from Defendants or the Class Members, and Defendants will not oppose or cause to be opposed an application for total attorneys' fees and costs in the

amount of one-third of the remaining Class Settlement Fund after the costs of administration are subtracted.

2.      Plaintiff's counsel will be responsible for arranging and directing mailing to and issuing proper notice to the Class Members and for administering the settlement. The costs of administration to the class will come from the Settlement Fund.

3.      The parties may destroy documents generated in class administration six (6) months (or earlier if the parties agree) after the final order is entered and no longer subject to appeal.

4.      Defendants shall provide a list of Class Members to class counsel by June 1, 2013.

**J.)  Notice.**

Plaintiff's counsel will cause notice to be provided to class members by U.S. Mail. They shall, within thirty (30) days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit A, to be sent to the last known addresses of the Class Members, according to Defendants' records. Each notice shall be sent with a request for forwarding addresses.  In the event that a notice is returned as undeliverable and a forwarding address is provided, Plaintiff's counsel will cause the forwarding of any such returned notice to the address provided within five (5) business days. The Class Members shall have forty-five (45) days from the date of the initial mailing of the notice to to submit a claim form, exclude themselves from, or object to the proposed settlement.

**K.) Preliminary approval.**

1.      As soon as practicable after execution of the Agreement, the parties shall make application to the court for an order which:

a.      Preliminarily approves this Agreement.

b.      Certifies the classes that this Agreement seeks to settle.

c.      Appoints plaintiff Theresa Stumpf as the Class Representative.

d.      Appoints Edelman Combs Latturner & Goodwin, LLC as Class
Counsel.

e.      Schedules a hearing for final approval of the Agreement by the
court.

f.      Approves the form of notice to the class, to be directed to the last
known address of the Class Members as shown on Defendants'
records.  If as a result of the mailing, a forwarding address is
furnished by the Postal Service but the notice is not forwarded by
the Postal Service, the notice will be re-mailed to the address(es)
provided within five (5) business days.

g.      Finds that mailing of the class notice and the other measures

specified in Section J of this Agreement are the only notice required

and that such notice satisfies the requirements of due process and

Fed. R. Civ. P. 23.

2.      The parties agree to request the form of notice attached hereto as Exhibit A
and propose the form of the preliminary approval order attached hereto as Exhibit B.  The
fact that the Court may require non-substantive, typographical changes in the notice or
order does not invalidate this Agreement.

**L.) Final approval**.

1.      Except for the event provided in Paragraph N below, at the conclusion of, or
as soon as practicable after the close of the hearing on the fairness, reasonableness, and
adequacy of the Agreement, counsel for the classes and counsel for defendants shall
request that the court enter a Final Order (a) approving the terms of the Agreement as fair,
reasonable, and adequate, (b) providing for the implementation of those terms and

provisions, (c) finding that the proposed class meets all the requirements of Rule 23, (d) finding that the notice given to the class members satisfies the requirements of due process and Rule 23, (e) dismissing the claims of the named plaintiff and the class members without prejudice (which will later convert to a dismissal with prejudice) and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

2.      The parties agree to request the form of final order attached hereto as Exhibit C. The fact that the court may require non-substantive typographical changes in the final order does not invalidate this Agreement.

3.      Dismissal With Prejudice.  Within forty-five (45) days after the Void Date, plaintiff's counsel shall file a "Notice of Compliance" that both Plaintiff and Defendants have complied with the Terms of the Agreement, specifically that all Class Members who are entitled to receive checks have been issued checks and that any Cy Pres award has been distributed.  The dismissal of this action will be converted to a dismissal with prejudice with regard to Stumpf's claims and the FDCPA statutory damages claims of class members ten (10) days after the Notice of Compliance has been filed, absent a timely motion to enforce the final judgment by either Plaintiff or Defendants.

**M.) Release of Attorney's Lien.**

In consideration of this Agreement, Plaintiff and Plaintiff's counsel hereby waive, discharge and release the "Released Parties," as defined in Section H above, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this case.  Plaintiff and Plaintiff's counsel further

represent and certify that they will pay any amounts due for attorneys' fees and costs and hold the Released Parties harmless from any such claim.

**N.) Right Of Exclusion.**

Any Class Member may seek to be excluded from this Agreement and from the Classes within 45 days from the mailing of the class notice, provided that this manner and method of exclusion is approved by the Court. Any Class Member so excluded shall not be bound by the terms of this Agreement nor entitled to any of its benefits.

**O.) Miscellaneous provisions.**

1. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of defendants of any liability or wrongdoing whatsoever.

2. The parties acknowledge that this release and settlement agreement memorializes the compromise of disputed actual and potential claims by both parties.

3. The parties and their attorneys agree to cooperate fully with one another in seeking court approval of the Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.

4. Notices of objections to this Agreement shall set forth every basis for the objection and shall be sent to:

Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603

Notices to Defendants shall be sent to:

David A. Maas
REED SMITH, LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

**P.)**     The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the court.

**Q.)**     This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.  This Agreement is eleven (11) pages in length.

**R.)**     Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiff, the members of the classes, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record or authorized representatives, have so agreed, on May __, 2013.

Individually and as Class Representative:

_____

Theresa Stumpf

Attorneys for Theresa Stumpf


_____

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0479 (FAX)

PYOD, LLC

BY:

_____

Its duly authorized representative

Resurgent Capital Services, L.P.

BY:

_____

Its duly authorized representative

Weltman, Weinberg & Reis, Co., LPA

BY:

_____

Its duly authorized representative