UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA STUMPF, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Magistrate Judge Geraldine Soat Brown |
| v. ) ) | 12 C 4688 |
| PYOD, LLC, et al., ) ) | |
| Defendant. ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court in connection with the plaintiff's Motion for Final Approval of the Class Action Settlement and Request for Attorneys' Fees. [Dkt 70.] For the following reasons, class counsel is awarded $44,590.42 in attorneys' fees plus $597.98 in costs.

**Background**

On June 7, 2013, the court preliminarily approved the class action settlement in this Fair Debt Collection Practices Act ("FDCPA") case. (Order, June 7, 2013.) [Dkt 68.] The proposed settlement stated that "plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the Settlement Fund" would be paid from the class settlement fund. (Joint Mot. for Preliminary Approval of Class Action Settlement at ¶ 7(b).) [Dkt 63.] Class counsel seeks an award of $45,188.40 in attorneys' fees and costs, which represents 30% of the settlement fund

after the costs of administration are subtracted, plus costs. (Pl.'s Mem. in Support of Final Approval at 11-12.) [Dkt. 70.]

In an earlier opinion, the court held that attorneys' fees exceeding the lodestar could be awarded in a class action based on a statute that includes a fee-shifting provision in a settlement that produces a fund for the class. (Mem. Op., Oct. 23, 2013.) [Dkt 74.] The court concluded, however, that class counsel's submissions did not allow the court to make an informed choice between the "percentage-of-fund" or lodestar methods, or determine the appropriate percentage (for the "percentage-of-fund" method) or a risk multiplier (for the lodestar method). (*Id*. at 8-9.) Class counsel was directed to file a supplemental memorandum addressing these issues.

Class counsel's supplemental memorandum is before the court. (Pl.'s Add'l Suppl. Mem.) [Dkt. 75.] Plaintiff asks the court to use the "percentage-of-fund" method but asserts that her counsel is also entitled to the requested fees under the lodestar method. (*Id.* at 2.)

## **Discussion**

In a certified class action, the court may award reasonable fees "authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In determining whether requested attorneys' fees are reasonable in a case that is settled by creating a common fund from which the attorneys' fees will be taken, the court "must balance the competing goals of fairly compensating attorneys for their services rendered on behalf of the class and of protecting the interests of the class members in the fund." *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988). The court must also ensure that the fee award reflects "the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *Sutton v. Bernard*, 504 F.3d 688, 692

(7th Cir. 2007) (quoting *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001)). Thus, counsel is entitled to the fee that counsel would have received "from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). The market rate reflects "the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case." *In re Synthroid Mktg. Litig.*, 264 F.3d at 721.

Class counsel here seeks attorneys' fees totaling 30% of the settlement fund after the costs of administration are subtracted. (Pl.'s Add'l Suppl. Mem. at 1.) Although the court may, in its discretion, rely on the "percentage-of-fund" or lodestar methods, for the following reasons, the court concludes that the "percentage-of-the fund" method is appropriate in this case, and that the requested 30% tracks the market.

First, the class members benefitted from the filing of this action because they will recover approximately $122 each while retaining their ability to file individual lawsuits if they wish to attempt to recover any actual damages they may have incurred. (Pl.'s Add'l Suppl. Mem. at 3.) The court agrees with class counsel that it is unlikely that the class members would have independently realized that they had a potential claim based on the collection letters at issue or pursued such a claim independently. A class action is often the only realistic vehicle to pursue the FDCPA claim raised in this case because it is generally not economically feasible to pursue individual actions for statutory damages. The class members will receive a substantial benefit from the amount each class member will receive, the option to seek to recover any actual damages, and the fact that this action allowed the class members to vindicate their rights. *See Williams v. Gen. Elec. Capital Auto Lease*, No. 94 C 7410, 1995 WL 765266 at *9-10 (N.D. Ill. Dec. 26, 1995) (concluding that tying attorneys' fees

to the benefit conferred on the class was appropriate because it "permits the attorneys to benefit in relation to the value conferred on their clients.").

Second, 30% of the common fund after the costs of administration are subtracted reasonably reflects the market. The named plaintiff agreed that if the case did not settle on a class basis, the fee would "be based on the value of the attorneys' time at their normal hourly rates, and in no case shall it be less than 1/3 of the net recovery obtained." (Pl.'s Add'l Suppl. Mem. at 5.) The named plaintiff's agreement to a floor of 33.33% of any net recovery supports the claim that 30% of the net recovery is tied to the market. *See In re Synthroid Mktg. Litig.*, 264 F.3d at 718 (stating that "courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time."); *see also In re Ky. Grilled Chicken Coupon Mktg. & Sales Pracs. Litig.*, 280 F.R.D. 364, 380-81 (N.D. Ill. 2011) (collecting cases holding that a fee of approximately one third of the common fund is reasonable).

Third, when assessing class counsel's fees under both the "percentage-of-fund" and lodestar methods, the Seventh Circuit directs that the court "must consider how much compensation class counsel should receive for incurring the risk of nonpayment when it took the suit." *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). Class counsel here assumed a significant risk of non-payment when that counsel agreed to represent the class in this case. The law is still unsettled regarding the plaintiff's claim in this case: that the FDCPA precludes debt collectors from attempting to collect debts without disclosing that the debts are uncollectible due to the statute of limitations. (*See* Sec. Am. Cmpl. at ¶¶ 3, 36.) [Dkt 49.] As class counsel admits, this is a "newer theory" that has not enjoyed universal acceptance. (Pl.'s Add'l Suppl. Mem. at 2.)

4

Specifically, as noted by class counsel, the issue is currently pending before the Seventh Circuit.[1] In this case, class counsel's ability to receive fees based on a common fund was contingent on obtaining an order certifying a class and a favorable outcome for the class. Given the unsettled state of the law at the time this case was filed in June 2012, and the subsequent divergent opinions by other district courts in this circuit, counsel's decision to pursue this case as a class action exposed that counsel to a substantial risk of non-payment. *See In re Synthroid Mktg. Litig.*, 264 F.3d at 718 (risk of non-payment is relevant to the reasonableness of fees in common fund cases). That class counsel was able to negotiate and obtain a meaningful settlement for the class in light of the uncertainty in the law further supports the percentage-of-fund approach.

Finally, the fees and costs sought by counsel do not include time that will be spent ensuring that the settlement is properly implemented or responding to inquiries from class members. (Pl.'s Mem. in Support of Final Approval at 15.) Counsel also is commendably not seeking any time spent justifying their fees. (Pl.'s Add'l Suppl. Mem. at 3 n.1.) The requested costs of $597.98 are also reasonable.

---

[1] In *Delgado v. Capital Mgt. Serv., LP*, the district court denied the defendant debt collectors' motion to dismiss the complaint based on the argument that the FDCPA does not require debt collectors to disclose that the statute of limitations to file a collection lawsuit has expired. No. 12 C 4057, ECF No. 42 (C.D. Ill. Mar. 22, 2013) (Darrow, J.). The district court certified the issue for immediate appeal under 28 U.S.C. § 1292(b), and the Seventh Circuit accepted the appeal. *Delgado v. Capital Mgt. Serv., LP*, No. 13-2030 (7th Cir.). In contrast, in *McMahon v. LVNV Funding, LLC*, the district court dismissed the portion of the plaintiff's complaint alleging that the defendant debt collector violated the FDCPA by sending a dunning letter without disclosing that a collection action to recover the underlying debt was time-barred, No. 12 C 1410, ECF No. 65 (N.D. Ill. Oct. 31, 2012) (Kocoras, J.), and the plaintiff appealed, No. 12-3504 (7th Cir.). Class counsel in this case represents the plaintiffs in both appeals, which were argued before the same panel on September 25, 2013, and are currently under advisement. *Delgado*, No. 13-2030 at Dkt. 35 (7th Cir. Sept. 25, 2013); *McMahon*, No. 12-3504 at Dkt. 42 (7th Cir. Sept. 25, 2013).

Because this is a common fund case, any enhancement above counsel's actual fees decreases the class members' recovery. Nevertheless, the common fund doctrine is based on the principle that individuals who benefit from litigation should share the cost of that litigation. *Sutton*, 504 F.3d at 691-92. Accordingly, in an exercise of its discretion, the court finds that the market rate for attorneys' fees, the results achieved by counsel, and the amount of time necessary to litigate and resolve this case all support awarding 30% of the common fund (after the costs of administration are subtracted) to class counsel. *See In re Synthroid Mktg. Litig.*, 264 F.3d at 721.

## Conclusion

For the reasons discussed above, the court finds that the "percentage-of-fund" method is the appropriate measure of attorneys' fees in this case. Based on that method, class counsel is awarded $44,590.42 in attorneys' fees (30% of the common fund after the costs of administration are subtracted) plus $597.98 in costs.

_____
Geraldine Soat Brown
United States Magistrate Judge

November 20, 2013